**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | |
| **SHUKREE SIMMONS,** | : | |
| | : | |
| **Defendant** | : | 5:06-CR-50 (WDO) |

**ORDER**

On February 14, 2007, the Court revoked Defendant's supervised release and sentenced him to twenty-four months of incarceration. Defendant filed a Notice of Appeal and intends to argue that the sentence imposed was unreasonable. Defendant is to report the USP Atlanta at or before 2:00 p.m. on May 10, 2007 to begin serving his sentence. Defendant filed a motion to be released pending his appeal arguing that he is not likely to flee or pose a danger to the community if released, the appeal is not for purposes of delay, the appeal raises substantial issues of law or fact and if the substantial question is determined favorably to him that decision is likely to result in a reversal of the Court's revocation order or an order for resentencing.

Pursuant to 18 U.S.C. §3143(b), "the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and (B) that the appeal is not

1

for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

A "substantial question" has been defined by the Eleventh Circuit as "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985). "A question of law or fact may be substantial but may, nonetheless, in the circumstances of a particular case, be considered harmless, to have no prejudicial effect, or to have been insufficiently preserved." Id. at 899. A court may find that reversal or a new trial is 'likely' only if it concludes that the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." Id. The issue must be "critical enough to the defendant's conviction that a contrary appellate ruling would warrant a reversal." U.S. v. Hicks, 611 F. Supp. 497 (S.D. Fla. 1985)(citations omitted).

The Government argues that Defendant Simmons (1) has not shown by clear and convincing evidence that he will *not* pose a danger to the community if he remains free pending his appeal, (2) has not shown that the appeal is likely to result in a sentence of imprisonment less than the expected duration of the appeals process and (3) has not established that the appeal raises a substantial question of law or fact.

While Defendant states he is not likely to flee or pose a danger to the community, he

2

offered no evidence or argument in support of that assertion.  For instance, no evidence was submitted regarding his familial or other ties to the community.  A review of the documentation submitted by the Government at the revocation hearing shows Defendant on several occasions failed to timely report when required and failed to call in when required.  While Defendant made the conclusory argument that his appeal raises substantial issues of law or fact, he failed to elaborate on what those issues may be and how they would likely result in a reversal of the revocation order.  Finally, Defendant argues the sentence imposed was "unreasonable" but did not present any argument regarding why it was an unreasonable application of the law or why the court of appeals is likely to overturn his conviction and sentence.  Defendant has therefore failed to meet the statutory standard for release pending appeal.  Accordingly, the **Motion for Bond Pending Appeal** is **DENIED**.

SO ORDERED this 2nd day of May, 2007.


S/
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**